IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BLANCA ESTELLA FLORES RUIZ,
et al.,

        Plaintiffs,

        v.

HILL MANAGEMENT LLC, dba
MCDONALDS OF MEDFORD #2013,

        Defendant.

Civil No. 05-3087-CO
ORDER AND
FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

    The provisional in forma pauperis status given the plaintiffs is confirmed. For the reasons set forth below, plaintiffs' complaint should be dismissed with leave to amend.

    Plaintiffs bring this action alleging claims for employment discrimination in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e et seq. and Oregon Revised Statutes Chapter 659A. Plaintiffs have filed application to proceed in forma pauperis.

28 U.S.C. § 1915(d) provides in part: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without payment of fees and costs or security thereof, by a person who makes affidavit that he is unable to pay such costs or give security therefor . . .". Under section 1915(d), the court is obligated to dismiss an action sought to be pursued in forma pauperis if the action appears to be without merit. 28 U.S.C. § 1915(d); Smart v. Heinze, 347 F.2d 114, 155 (9th Cir.), cert. denied, 382 U.S. 896 (1965). Courts have broad discretion in dismissing actions under this section. Levy v. Federated Dept. Stores, 607 F.Supp. 32, 34 (S.D. Fla. 1984).

A complaint is without merit for the purposes of § 1915(d), if it lacks an arguable basis in law or fact. Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992), cert. denied, 507 U.S. 1009 (1993). Before a Title VII suit may be filed in federal court, a plaintiff must file a complaint with EEOC within 180 days after the occurrence of the alleged violation, or, if the plaintiff initially instituted proceedings with the appropriate state agency, within 300 days of the alleged violation, receive a right to sue letter from the EEOC, and file suit within 90 days of receipt of the right to sue letter. 42 U.S.C. §2000e-5; Mueller v. Los Angeles Fire

Dept., 637 F.2d 616, 617 (9th Cir. 1980); See Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1473 (9th Cir. 1989).

Plaintiffs have not alleged that they filed timely complaints with the EEOC or the appropriate state agency, they received a right to sue letter from the EEOC, or that their suit was filed within 90 days of their receipt of the ir right to sue letters. Therefore, plaintiffs' complaint should be dismissed with leave to file an amended complaint containing these factual allegations. See Jones v. Bechtel, 788 F.2d 571, 572 (9th Cir. 1986).

**ORDER**

It is ordered that the provisional in forma status granted plaintiffs is confirmed.

**RECOMMENDATION**

It is recommended that plaintiffs' complaint be dismissed with leave to file an amended curing the above deficiencies.

The recommendation contained herein is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The plaintiff shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver

of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____7_____ day of October, 2005.


_____/s/_____
UNITED STATES MAGISTRATE JUDGE