IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLANCA ESTELLA FLORES RUIZ,      )
GUILLERMINA HERNANDEZ, and       )
GUADALUPE MUNOZ-HERNANDEZ,       )
                                 )
        Plaintiffs,              )
                                 )   Civil No. 05-3087-CO
        v.                       )
                                 )   ORDER
                                 )
HILL MANAGEMENT LLC, dba         )
MCDONALDS OF MEDFORD #2013       )
                                 )
        Defendant                )
_____)

        Magistrate Judge John Cooney filed Findings and Recommendation

on March 23, 2006, in the above entitled case.  The matter is now

before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P.

72(b).  When either party objects to any portion of a magistrate

judge's Findings and Recommendation, the district court must make

a de novo determination of that portion of the magistrate judge's

findings.  See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v.

1       - ORDER

<u>Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 920 (1982).

Plaintiffs have filed objections. I have, therefore, given <u>de novo</u> review of Magistrate Judge Cooney's rulings.

Plaintiffs filed the original complaint on October 3, 2005 along with an application to proceed *in forma pauperis* (IFP). A complaint summons was issued on October 3, 2005. On October 7, 2005, magistrate Judge Ashmanskas issued a findings and recommendation (F&R) granting the motion to proceed IFP, but dismissed the complaint without prejudice for failure to allege certain necessary elements. That F&R recommended that plaintiffs be allowed to file an amended complaint curing the noted deficiencies. On October 11, 2005, the court withdrew the summons as prematurely issued.

Plaintiffs did not object to the October 7, 2005 F&R and filed an amended complaint on October 19, 2001, and a summons issued. On October 21, 2005, the court found the amended complaint cured the noted deficiencies and withdrew the F&R of October 7, 2005.

Plaintiffs served the complaint on defendant on February 28, 2006. Defendant moved to dismiss the complaint contending that plaintiff failed to serve the complaint within the time allotted under Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) provides, in part:

2       - ORDER

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiffs contend that the time period under Rule 4(m) was tolled while the court considered the IFP motion. Magistrate Judge Cooney found that the time for service was suspended until the court entered an order directing service of the amended complaint citing <u>Warren v. Ruffcorn</u>, 00-721-HA (D.Or. September 18, 2001). Judge Cooney found that under this rule, apparently, service was timely. Defendants object and contend that service must be accomplished within 120 days of the filing of the original complaint.

In <u>Warren</u>, Judge Haggerty found that "where delay in screening plaintiff's complaint consumed the 120-day period for service, and an amendment was ordered by the court to cure defects, the time for service is suspended until this court enters an order directing service of the amended complaint. See <u>Urrutia v Harrisburg County Police Dept.</u>, 91 F.3d 451, 459-60 (3rd Cir. 1996)." Even assuming that the Rule 4(m) period for service is tolled pending review of an IFP motion, the court issued a recommendation granting IFP status and directing service of an amended complaint in this case on October 7, 2005. Plaintiff did not serve defendants until more

3         - ORDER

than 120 days had passed since the direction to file an amended complaint.

This court finds that the better rule in cases where a request for IFP status is filed along with a complaint is as suggested by the Seventh Circuit.  In most cases, filing a complaint commences a civil action under Fed. R. Civ. P. 3 and starts the 120-day limitation for serving defendants with the summons and complaint under Rule 4(m). However, in cases in which the plaintiff has requested permission to proceed under 28 U.S.C. § 1915 a different standard is used. Under 28 U.S.C. § 1915(a), the court authorizes the commencement of the suit. However, if the action does not "commence" until after the court decides a plaintiff's motion to proceed IFP, the plaintiff may fail to meet statute of limitation requirements simply because of judicial delay in deciding plaintiff's motion to proceed IFP.[1] On the other hand, if the 120-day limitation of Rule 4(m) is regularly applied and started at the time the complaint is initially filed with the court, the plaintiff's complaint may again be subject to dismissal as a result of judicial delay because the plaintiff cannot serve the defendants until the court has decided the motion to proceed IFP.  The Court of Appeals for the Seventh Circuit has resolved this conflict by holding that an action is "commenced" when the plaintiff initially

---

[1]Such is the case here where plaintiffs have only 90 days to file a complaint following issuance of a right to sue letter from the EEOC and BOLI.

files the complaint with the court, but that the start of the
120-day limitation of Rule 4(m) does not begin "until the clerk
stamps the complaint 'filed' following an order granting in forma
pauperis status or belated payment of the docket fee."
Williams-Guice v. Board of Educ. of the City of Chicago, 45 F.3d
161, 162 (7th Cir. 1995). In this case, the rule could be stated
as the 120 day limitation does not commence until the court accepts
and file stamps an amended complaint required by the dismissal of
the initial complaint as a result of IFP review and grant of IFP
status. This rule is appropriate because in addition to the delay
caused by consideration of IFP status, plaintiffs may also be
delayed by the requirement to file an amended complaint
necessitated by the court's complaint review process that would not
occur absent the request for IFP status.

    In this case, the court granted IFP status on October 7, 2005,
but dismissed the complaint and withdrew the summons entered on
October 3, 2005 and required amendment to the complaint before the
case could proceed. The court stamped the amended complaint filed
and issued summons on October 19, 2005. Therefore, the 120 period
began to run on October 19, 2005 and plaintiffs thus timely served
defendants.[2]    Accordingly, the court adopts Judge Cooney's

_____

    [2]Absent the tolling issue, the court disagrees with magistrate
Cooney that plaintiffs have demonstrated good cause for the
resulting delay. The court promptly considered and issued a
recommendation on the IFP issue. The delay necessitated by the
screening issue was four days at a minimum and 18 days at the most

5        - ORDER

recommendation to the extent that judge Cooney found that plaintiffs timely served defendants. Defendant's motion to dismiss (#10) is denied.

        IT IS SO ORDERED.

        DATED this _____ day of _____, 20__ .

_____
UNITED STATES DISTRICT JUDGE

---

as the court granted IFP status on October 7, 2005 and found the amended complaint sufficient on October 21, 2005.

6        - ORDER